IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE ALTENBURGER,  :
    Petitioner  :  No. 1:24-cv-00183
  :
    v.  :  (Judge Kane)
  :
D. CHRISTENSEN, Warden,  :
    Respondent  :

**MEMORANDUM**

Presently before the Court is pro se Petitioner Bruce Altenburger ("Altenburger")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the Court will dismiss the petition as moot.

**I.     BACKGROUND**

Altenburger commenced this action by filing his Section 2241 petition which the Clerk of Court docketed on February 1, 2024.  (Doc. No. 1.)  In his petition, Altenburger challenged the disposition of seventeen (17) incident reports.  (Id. at 2–3.)

On March 6, 2024, the Court entered an Order directing Christensen to file a response to Altenburger's habeas petition.  (Doc. No. 4.)  Christensen filed a timely response in opposition to Altenburger's petition on March 26, 2024, in which he generally argued that (1) Altenburger failed to exhaust his administrative remedies as to his claims regarding sixteen (16) of his incident reports and (2) the Court lacked jurisdiction the remaining incident report because Altenburger was never sanctioned.  (Doc. No. 6 at 5–10.)  Christensen also noted that Altenburger's anticipated release date was October 15, 2024, "via good conduct time release."  See (id. at 2).

Almost five (5) months after Christensen filed his response in opposition to Altenburger's habeas petition, on August 8, 2024, Altenburger filed an omnibus motion in which he sought an

extension of time to file a reply brief to Christensen's response, the appointment of counsel, and leave to engage in limited discovery. (Doc. No. 7.) On August 29, 2024, the Court issued an Order granting the motion for an extension of time to file a reply brief and denying without prejudice the other motions. (Doc. No. 8.) Altenburger filed a motion for a second extension of time to file a reply brief, which the Clerk of Court docketed on September 20, 2024. (Doc. No. 9.) The Clerk then docketed Altenburger's reply brief four (4) days later. (Doc. No. 10.) Christensen filed a sur-reply brief on October 8, 2024. (Doc. Nos. 11, 12.)

On December 13, 2024, Christensen filed a suggestion of mootness in which he, inter alia, indicated that Altenburger was released from federal incarceration on December 10, 2024, and requested that the Court dismiss Altenburger's petition as moot due to his release from federal custody. ((Doc. No. 13 at 2, 4.) On March 31, 2025, the Court issued an Order which, inter alia, required Altenburger to show cause within thirty (30) days why the Court should not dismiss his Section 2241 habeas petition as moot due to his apparent release from incarceration. (Doc. No. 14.) The Court also warned Altenburger that if did not timely respond, the Court would deem him to be unopposed to the dismissal of his habeas petition as moot. (Id. at 6.) Altenburger has not responded to this Order despite the passage of well more than thirty (30) days, and he has not sought an extension of time to file a response.

**II.    DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)). "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the

2

[respondent] and likely to be redressed by a favorable judicial decision.'" Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

  Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction." See Abreu, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)). Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

3

In this case, Altenburger is not currently incarcerated. As such, the instant petition is generally moot due to his release from BOP incarceration. Although Altenburger could still potentially obtain judicial review of his claims if he showed that he continued to suffer from secondary or collateral consequences of his convictions, he has failed to make such a showing by responding to the Court's Order. Accordingly, the Court concludes that Altenburger's Section 2241 petition is moot.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Altenburger's Section 2241 petition as moot. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania